UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RAY KOUGH and wife, MARY KOUGH, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:12-CV-250 |
| ) | (Phillips) |
| WING ENTERPRISES, INCORPORATED ) | |
| d/b/a LITTLE GIANT LADDER SYSTEMS ) | |
| and LITTLE GIANT LADDERS, ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiffs filed this product liability action against defendants in Monroe County Circuit Court on April 30, 2012. Defendants removed the action to this court on May 24, 2012. Plaintiff Ray Kough alleges personal injury arising from his use of a ladder allegedly manufactured by defendants. Plaintiff Mary Kough alleges a claim for loss of consortium of her husband, Ray Kough. Before the court is the defendants' motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief may be granted. Plaintiffs have responded to the defendants' motion to dismiss with a motion to amend their complaint. For the reasons which follow, plaintiffs' motion to amend their complaint will be granted and defendants' motion to dismiss the complaint will be denied.

## I. Motion to Amend Complaint

Where there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend complaint. *See Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988). Federal Rule of Civil Procedure 15(a)(1)(B) permits amendment as a matter of course within 21 days of service of a motion under Rule 12(b). However, if a plaintiff wishes to file an amended complaint after the 21-day grace period, the plaintiff is required to seek leave of court to do so. *Middleton v. Rogers Ltd.,* 804 F.Supp.2d 632, 639 (S.D.Ohio 2011). Here, plaintiffs requested and were granted an extension of time to respond to defendants' motion to dismiss. In their response to the motion, plaintiffs have moved for leave to file their First Amended Complaint.

Rule 15(a)(2) states that leave to amend should be "freely given when justice so requires." The Supreme Court has articulated the general standard for Rule 15(a):

> In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment; futility of amendment, etc – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts must examine the *Foman* factors in light of the directive of Rule 1 of the Federal Rules of Civil Procedure that the rules "are to be construed to secure the just, speedy, and inexpensive determination of every action." The decision whether "justice so requires" the amendment is at the district court's sound discretion. *See Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1971).

Expanding on *Foman* and *Zenith Radio*, the Sixth Circuit has noted that:

> In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994). A court must conclude that there is "at least some significant showing of prejudice" to the defendant in order to deny a plaintiff's motion to amend the complaint. *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986).

The court finds that plaintiffs would be materially prejudiced if not allowed to amend their complaint, and that justice so requires an amendment to clarify their claims. Further, the court concludes that plaintiffs did not unduly delay in filing the motion to amend. Finally, the court notes that the filing of the First Amended Complaint will not delay this proceeding because no discovery has taken place. The just and speedy resolution of this action will be enhanced by the clarification of plaintiffs' claims, and will not create additional expense or prejudice toward the defendants. Accordingly, plaintiff's motion to amend their complaint [Doc. 8] is **GRANTED.**

## II. Motion to Dismiss

The court will address defendants' motion to dismiss based on the plaintiffs' First Amended Complaint. When evaluating a complaint in light of a Rule 12(b)(6), Federal Rules of Civil Procedure, motion to dismiss, the court must accept all of the plaintiff's

allegations as true and resolve every doubt in the plaintiff's favor. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489 (6th Cir. 1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural, and tests the sufficiency of the complaint. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). To survive a Rule 12(b)(6) motion to dismiss, a claim's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The issue is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claim. *Miller*, 50 F.3d at 377. The court must construe the claim in a light most favorable to the plaintiff, accept the factual allegations as true, and determine whether plaintiff's factual allegations present plausible claims. *Twombly*, 550 U.S. at 570; *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007). A court should assume the veracity of well pleaded factual allegations and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

Defendants aver that plaintiffs' complaint fails to specify what materials used in the ladder were allegedly "not strong enough," how they failed, or any other factual details to warrant an inference that defendants may be liable; failed to plead facts sufficient to infer that the ladder was "defective" or "unreasonably dangerous" at the time it left the control of the manufacturer; failed to allege facts to satisfy the "prudent manufacture test" under Tennessee law; failed to state a claim for *res ipsa loquitur;* failed to allege facts

4

sufficient to establish their claims under the theories of breach of warranty, express warranty, implied warranty and/or warranty for a particular purpose.

> Plaintiffs' First Amended Complaint states, in pertinent part, as follows:
>
> 5. That the plaintiff, Ray Kough avers that on May 1, 2011, he was using the Little Giant Ladder to check his home for storm damage. As the plaintiff was properly using the ladder, the ladder failed and caused Mr. Kough to fall to the concrete and sustain serious personal injury.
>
> 6. The subject ladder has a frame constructed with aluminum rails and a center joint which permits the ladder to be folded for use as a step-ladder. the aluminum rails tore near the junction with the center joint.
>
> 7. Prior to the filing of the Complaint in this matter, defendants were provided an opportunity to, and in fact did, inspect the subject ladder.
>
> 8. Defendants took photographs of the subject ladder in its failed condition. While defendants were positioning the ladder for photographing, the ladder broke into two distinct parts at the location of the tear in the metal. Defendants thus had actual knowledge of the mechanism of failure prior to the filing of the Complaint.
>
> 9. Based on defendants' inspection of the subject ladder, they had actual knowledge prior to the filing of the Complaint that the side rails which failed causing plaintiff to fall to the ground were constructed of aluminum.
>
> 10. The subject ladder is described by defendants as a Type 1A industrial ladder rated at 300 pounds weight load capacity in accordance with applicable ANSI and OSHA standards.
>
> 11. At the time of plaintiff's fall, his physical weight combined with any other weight on the ladder did not exceed 300 pounds total.

12. At the time of plaintiff's fall, he had set up the ladder in a manner consistent with all safety and use instructions provided by defendants and was using the ladder as intended and for a suitable purpose as advertised by defendants.

13. Defendants' "Operating & Safety Instructions" pamphlet provided with the subject ladder described the ladder as "the finest ladder on the market today." The defendants further state that "painstaking research, frequent and critical testing, careful handcraftsmanship, and the use of only the finest materials and components insure prolonged physical integrity and trouble-free operations."

14. Defendants routinely market their product through both print and media outlets as being the finest ladder on the market. Based upon defendants' marketing efforts and the materials provided with the subject ladder, an ordinary customer with reasonable knowledge would not expect defendants' product to fail unexpectedly causing the user to fall to the ground.

15. Defendants' ladder was unreasonably dangerous because it failed to meet plaintiff Ray Kough's reasonable expectations of how the subject ladder should perform.

16. The plaintiff Ray Kough avers that said ladder was in a defective condition and/or was unreasonably dangerous at the time it left the hands of the manufacturer, Wing Enterprises, Incorporated d/b/a Little Giant Ladder Systems and/or Little Giant Ladders. . . . The plaintiff further avers that the product was defectively designed and/or the materials used in the ladder were not strong enough to withstand normal usage, rendering this produce defective and/or unreasonably dangerous.

. . .

18. The plaintiff Ray Kough would further rely upon the theory of negligence in the manufacture and production of said ladder by the defendants. Plaintiff would aver that the said defendants failed to exercise reasonable care in assembling, designing, and/or selecting materials for this product. Defendants knew or should have known that the aluminum utilized was not strong enough to support 300 pounds or less.

6

> 19. The plaintiff relies upon the doctrine of *res ipsa loquitur* in reference to the failure of the ladder to support the plaintiff's weight and function properly, inasmuch as this is the type of defect which does not ordinarily occur in the absence of negligence in the testing and selection of materials for a ladder rated to support 300 pounds weight load capacity in accordance with applicable ANSI and OSHA standards.
>
> 20. The plaintiff also relies upon the theories of breach of warranty, express warranty, implied warranty and/or warranty for a particular purpose. . . .

Based on the allegations contained in plaintiffs' First Amended Complaint, as shown above, the court finds that plaintiffs have alleged sufficient facts to survive defendant's motion to dismiss. Defendants' arguments are more properly considered on a motion for summary judgment after the parties have had time to conduct discovery. Accordingly, the court finds defendants' motion to dismiss not well-taken, and it is **DENIED.**

### III.  Conclusion

For the reasons stated above, plaintiffs' motion to amend complaint [Doc. 8] is **GRANTED;** and defendants' motion to dismiss [Doc. 3 is **DENIED.**

Plaintiffs are **DIRECTED** to file their First Amended Complaint with the Clerk.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge