UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RAYMOND KOUGH and MARY KOUGH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-250-PLR-HBG |
| | ) | |
| WING ENTERPRISES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

On January 12, 2014, the parties appeared before the Court to address the Defendant's Motion to Compel [Doc. 56]. In the Motion to Compel, Defendant argues that the Plaintiffs should be ordered to produce additional photographs, in printed format, in response to Requests for Production Nos. 7, 8, 9, 10, 11, 12, 13, 14, and 15. Plaintiffs respond that Plaintiffs have produced the photographs that they have to Defendant's counsel in digital form and they have also printed photographs for Defendant's counsel. [Doc. 67]. Plaintiffs maintain that they should not be ordered to again produce the photographs. Both parties concede that they have stipulated to the photographs to be used at trial.

As the Court stated on the record at the hearing, the comments to Rule 34 of the Federal Rules of Civil Procedure offer guidance in this instance. In pertinent part, the comments to the 2006 Amendments state: "If the form of production is not specified by party agreement or court order, the responding party must produce electronically stored information either in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable. . . . .

Under some circumstances, the responding party may need to provide some reasonable amount of technical support, information on application software, or other reasonable assistance to enable the requesting party to use the information."

Consistent with Rule 34 and the Court's findings on the record at the hearing, the Court **FINDS** and **ORDERS**:

1. In this case, the Court finds that production of the photographs in their native digital format is reasonable and is the form in which such photographs are normally maintained pursuant to Rule 34 of the Federal Rules of Civil Procedure.

2. With regard to Requests for Production Nos. 7, 8, 9, the Plaintiffs, through counsel, have represented that Plaintiffs have not taken any such photographs of their home or the scene of the accident. Defendant's counsel conceded that he had no basis for doubting the veracity of this statement. The Court finds that ordering further production with regard to these Requests for Production is not appropriate.

3. With regard to Requests for Production 10, 11, 12, the Plaintiffs have represented, through counsel, that they have produced all of the photographs they have in their possession to Defendant's counsel in digital form. The Court finds that the Defendant is entitled to know the date on which the photographs were taken, and Plaintiffs' counsel has represented that these electronic photographs are embedded with metadata that evidence the date on which they were taken. Defendant's counsel is directed to re-review the photographs, in their digital format, to determine if the date can be discerned via the digital photographs. It is the Court's expectation that, to the extent Defendant's counsel is not familiar with metadata, counsel will obtain the appropriate assistance from someone who is familiar with the manner in which dates can be determined through

metadata, whether it be his co-counsel or his internal information technology staff. If Defendant's counsel is unable to obtain the date information, even with appropriate assistance, he may call upon the Plaintiff's counsel to assist him or may contact the Court for further guidance on this issue.

4. With regard to Requests for Production 13, 14, 15, the Plaintiffs have represented, through counsel, that no such photographs of Mr. Kough's injuries exist. Defendant's counsel conceded that he had no basis for doubting the veracity of this statement. The Court finds that ordering further production with regard to these Requests for Production is not appropriate.

5. Any attempt to later produce photographs in a manner inconsistent with Plaintiffs' representation to the Court may result in exclusion of the photographs and sanctions as may be appropriate under the Federal Rules of Civil Procedure.

6. Based upon the foregoing, the Motion to Compel **[Doc. 56]** is **DENIED**.

**IT IS SO ORDERED**.

        ENTER:

        _____
        United States Magistrate Judge