UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RAY KOUGH and wife, MARY KOUGH, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No.: 3:12-CV-250-PLR-HBG |
| | ) |
| WING ENTERPRISES, INCORPORATED, | ) |
| d/b/a LITTLE GIANT LADDER SYSTEMS | ) |
| And LITTLE GIANT LADDERS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

A final pretrial conference was held in this case on January 12, 2015, at which time the following action was taken:

1. The trial is this case is continued to commence on **January 12, 2016 at 9:00 a.m.** If this date is not convenient for the parties, they may contact the Court's judicial assistant, Ms. Pam Simpson, at (865) 545-4255 for another trial date.

2. Defendant's motion in limine [R. 57] to disallow expert testimony of Dr. Scott Smith is **denied at this time**, subject to renewal if plaintiffs do not provide an expert report for Dr. Smith.

3. Defendant's motion in limine [R. 57] to exclude the videotaped deposition of Dr. Scott Smith [R. 57] is **denied.**

4. Defendant's motion in limine [R. 59] to exclude "any and all claims set forth in Plaintiffs' Proposed Pretrial Order that were not previously pled in Plaintiffs' original Complaint or their First Amended Complaint" is too vague, and is **denied.**

5. Defendant's motion in limine [R. 59] to exclude expert testimony not disclosed during discovery pursuant to FRCP 26(a)(2) and (e), is **denied** as premature.

6. Defendant's motion in limine [R. 59] to exclude "any evidence offered by the plaintiffs which has not been disclosed to [defendant]" is too vague, and is **denied.**

7. Defendant's motion in limine [R. 59] to exclude certain patents from evidence is too vague, and is **denied** at this time. Defendant may refile its objection if plaintiffs fail to make the proper disclosures required by FRCP 26.

8. Defendant's motion in limine [R. 59] to exclude evidence of plaintiffs' lost earnings, lost earning capacity, lost wages, or lost income or opportunities, is **denied as moot.** The parties filed a stipulation of voluntary dismissal of all claims for lost wages and loss of future earning capacity [R. 37] on December 1, 2014.

9. Defendant's motion in limine [R. 59] to exclude evidence of plaintiffs' filing for bankruptcy is **granted.**

10. Defendant's motion in limine [R. 59] to exclude any exhibits or witnesses not disclosed by plaintiffs in accordance with FRCP 26, is too vague, and is **denied.**

11. Defendant's motion in limine [R. 59] to exclude "presentation, or reference to, any claim, incident, or complaint of a ladder failure or injuries resulting from ladder usage by any person other than Ray Kough," is too vague, and is **denied.**

12. Defendant's motion in limine [R. 59] to exclude any evidence of defendant's income or assets is **granted.**

13. Defendant's motion in limine [R. 59] to exclude evidence of whether defendant has liability insurance is **granted.**

14. Defendant's motion in limine [R. 59] to exclude "any advertisements or design changes concerning the Little Giant Type 1A industrial ladder from and after the date that Ray Kough purchased the ladder," as evidence of subsequent remedial measures, is **denied** as premature.

15. Defendant's motion to allow its expert to remain in the courtroom during trial [R. 60] is **granted.** Plaintiffs' expert shall also be allowed to remain in the courtroom during trial.

16. Plaintiffs' objections to Magistrate Judge Guyton's Memorandum and Order excluding the proposed opinion testimony of Dr. Tyler Kress are taken under advisement. Plaintiffs shall file their supplemental memorandum within **thirty (30) days**. If defendants wish to respond to plaintiffs' objections, they shall file their response **fourteen (14) days** after service of plaintiffs' supplemental memorandum.

IT IS SO ORDERED.

Enter:

_____
UNITED STATES DISTRICT JUDGE